## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>         Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF RHODE ISLAND,<br><br>         Defendants. | CASE NO. |

## COMPLAINT

Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Plaintiff"), files the following Complaint against Defendant, Blue Cross Blue Shield of Rhode Island ("Defendant") in support thereof, Plaintiff would respectfully show unto the Court as follows:

I.

## NATURE OF THE CASE

1.	Defendant refused to pay Plaintiff for laboratory testing services rendered to multiple members/subscribers insured of Defendant. The Plaintiff will be seeking damages in excess of $1,758,484, plus interest and costs of the suit, including attorney's fees.

2.	The Plaintiff was, among other things, entitled to have its claims processed and paid promptly.  Instead, Defendant regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous claims submitted by Plaintiff.

3.	Indeed, as set forth more fully below, in many of the instances where Defendant

did respond, Defendant offered spurious explanations – obviously created from whole cloth – to provide pretextual grounds designed to permit Defendant to either avoid paying altogether or to substantially underpay, legitimate claims submitted by the Plaintiff.

4.    More specifically, Defendant improperly refused to pay (or underpaid) Plaintiff for services it rendered to numerous of Defendant's insureds, members and/or subscribers for numerous pretextual reasons, including purported, (a) lack of adequate claim information provided by Plaintiff; (b) untimely filing of claims; (c) lack of coverage by the subscribers/members for the services provided; and/or (d) failure to meet conditions of coverage.  For the claims at issue in this matter, these purported bases for denial of coverage were entirely groundless and have deprived the Plaintiff of millions of dollars to which it was rightfully entitled to receive.

5.    As a result of Defendant's refusal and failure to abide by its obligations, as well as its duties of good faith and fair dealing owed to Plaintiff, Plaintiff was compelled to bring this matter before the Court, seeking substantial damages incurred by it as a proximate result of the Defendant's actions and/or omissions.

II.

**PARTIES**

6.    Plaintiff is a New Jersey limited liability company and conducted business actions in New Jersey, such as the leadership of Plaintiff being located in New Jersey and further laboratory services and processing of claims occurring in New Jersey.  At the time of the events made the subject matter of this litigation, it held a medical laboratory testing license issued by the Commonwealth of Pennsylvania, and it maintained its principal place of business at 900 Town Center Drive, Suite H50, Langhorne, Pennsylvania 19047. At all relevant times,

Plaintiff was an out-of-network provider of laboratory testing services to Defendant's insureds/members/subscribers.

7.    Defendant provides health insurance services through the State of Rhode Island and has its principal place of business located at 500 Exchange Street, Providence, Rhode Island 02903.

III.

<strong><u>FACTUAL BACKGROUND</u></strong>

8.    At all times material to the events made the subject matter of this lawsuit, Plaintiff operated a licensed medical testing laboratory. Plaintiff performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and other testing services on specimens submitted by medical service providers, on behalf of Defendant's insureds/subscribers/members, for numerous patients located throughout the United States (the "Laboratory Testing Services").

9.    The requisitions of laboratory testing services that were submitted on behalf of Defendant's insureds /members/subscribers contained an assignment of benefits, which created contractual obligations on part of the Defendant to pay for the Laboratory Testing Services that were provided by Plaintiff, as a third-party beneficiary under those contracts, to Defendant's insureds/members/subscribers.

10.    The assignment executed by Defendant's insureds states the following, and/or include similar language assigning the same benefits:

> I hereby assign all rights and benefits under my health plan and direct payments be made to Genesis Diagnostics for laboratory services furnished to me by Genesis Diagnostics. I irrevocably designate authorize and appoint Genesis Diagnostics or its assigned affiliates as my true and lawful attorney-in-fact for the purpose of submitting my claims and pursuing any request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or

state laws. If my health plan fails to abide by my authorization and makes payment directly to me, I agree to endorse the insurance check and forward it to Genesis Diagnostics immediately upon receipt. I hereby authorize Genesis Diagnostics or its assigned affiliates to contact me for billing or payment purposes by phone, text message, or email with the contact information that I have provided to Genesis Diagnostics, in compliance with federal and state laws.

11.    Irrespective of whether the Defendants' insureds/members/subscribers executed a requisition, with assignment benefit language, the insurance contracts between Defendant and its insureds/members/subscribers intended for Plaintiff, as a medical provider, to benefit, from the Defendant's compliance with prompt pay law and provisions, justly investigate and adjudicate claims submitted and ultimately pay the Plaintiff for the services rendered.

12.    Attached to this Complaint and incorporated herein for all purposes as Exhibit "1" is a spreadsheet setting forth the patients[1] who were rendered Laboratory Testing Services, the dates of service, the amounts billed for those services, their respective ascension numbers, and other pertinent information.

13.    By virtue of Plaintiff tendering of Laboratory Testing Services to each of Defendant's subscribers/members and submitting claims thereafter, Plaintiff became an intended beneficiary of the contracts between Defendant and each of the patients listed in Exhibit 1. As Plaintiff has come to learn, the Defendant – over an extended period of time – blatantly disregarded, among other of its duties, express obligations to pay Plaintiff for services rendered.

14.    Indeed, it has become apparent that Defendant engaged in a long campaign designed to deprive Plaintiff of over a million dollars it is rightfully owed for services Plaintiff rendered to Defendant's subscribers and/or members. To advance this campaign, Defendant

---

[1] Plaintiff has redacted the names and certain other information of the patients in order to ensure that personal health information is not released pursuant to the Health Portability and Accountability Act of 1996 (HIPAA).

repeatedly either *failed to respond at all to properly submitted claims* or fabricated some other pretextual basis to improperly refuse to make payment to Plaintiff.

15.     By way of example only and without limitation, Defendant used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

16.     Defendant's refusal to properly process and pay Plaintiff for the Laboratory Testing Services it rendered to Defendant's subscribers/members were entirely groundless, has deprived Plaintiff of over a million dollars to which it is rightfully entitled, and constitutes a material breach of Defendant's payment obligations.

## IV.

## CAUSES OF ACTION

### A.     COUNT 1 – E.R.I.S.A.

17.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in the paragraphs above.

18.     Defendant is a corporation engaged in business of issuing insurance policies, conduct business services or otherwise administer insurance.

19.     Upon information and belief, Defendants' insureds/subscribers/members obtained insurance policies through the issuance of the Defendants' subscriber/member's Employer obtaining a policy of group health insurance in which Defendants' subscribers/members are a participant or, of which they are a beneficiary. During the claim process, Defendant nor Defendant's insureds/members/subscribers do not provide Defendant

with a copy of the plan or policy documents.

20.    Said policy is an employee benefit plan that is regulated by Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.*

21.    An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment.  As such, the contractual obligations which arose between Plaintiff and Defendants via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute a valid and binding contract(s) between Plaintiff and Defendants as to each of the insureds listed in the attached Exhibit 1 (collectively referred to herein as the "Contract").

22.    This action seeks to recover benefits due to Plaintiff under the terms of said policy or plan and seeks to enforce Plaintiff's rights, as assignee, under the terms of said policy or plan.  Plaintiff seeks to enforce the right of payment and to enforce the plan for payment.

23.    This Court has jurisdiction over these ERISA Claims pursuant to 29 U.S.C. §1132(e).

24.    Plaintiff has performed all of its obligations under those Contract(s), including without limitation rendering Laboratory Testing Services upon specimens submitted by Defendants' agents, and thereafter properly submitting claims for payment to the Defendant. Plaintiff has not breached any of the obligations between the parties.

25.    Pursuant to the Contract, Plaintiff submitted claims with the Defendants seeking benefits under said policy or plan.

26.    Defendants wrongfully denied said claim(s).

27.    Plaintiff continues to be eligible for benefits under said policy or plan, and the

Defendants have wrongfully denied or underpaid Plaintiff's claim(s).

28.     Defendants' denial or underpayment of similar claims for other benefits as reflected in the Contracts are arbitrary, capricious and unreasonable.

29.     Plaintiff have complied with the internal appeal procedures and otherwise exhausted administrative procedures when and where required.

30.     Moreover, if it is found that Plaintiff did not exhaust administrative remedies, Plaintiff contends that further efforts to exhaust the administrative remedies would have been futile, Plaintiff was denied meaningful access to the review process, and/or Plaintiff has experienced irreparable harm and failure to comply with notice requirement of ERISA.

31.     Plaintiff has been damaged by the Defendants in the sum of all claims for past benefits wrongfully withheld from Plaintiff by Defendants and Defendants should be ordered to pay all similar claims of the Plaintiff.  Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §1132(g).

B.     **Count 2 - Breach of Third-Party Beneficiary Contract**

32.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in the paragraphs above.

33.     An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment.  As such, the contractual obligations which arose between Plaintiff and Defendant via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute a valid and binding contract(s) between Plaintiff and Defendant as to each of the insureds listed in the attached Exhibit 1.

34.     Irrespective of whether the Defendants' insureds/members/subscribers executed a

requisition, with assignment benefit language, the insurance contracts between Defendant and its insureds/members/subscribers intended for Plaintiff, as a medical provider, to benefit from the contract insurance plan between Defendant and its insureds/members/subscribers.

35.    There is clear manifestation of intent that the Defendant and its insured/members/subscribers intended that medical providers, including out of network providers to benefit from the plan.

36.    Plaintiff has performed all of its obligations, including without limitation rendering Laboratory Testing Services upon specimens submitted on behalf of Defendant's insureds/members/subscribers, and thereafter properly submitting claims for payment to the Defendant.

37.    Defendants breached its obligations to investigate and promptly pay claims related to Laboratory Testing Services.  Defendant has blatantly disregarded, its obligations to pay Plaintiff for services rendered in a prompt and just manner.

38.    Defendant repeatedly breached the Contract by either failing to respond at all to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless.  By way of example only and without limitation, Defendant used the following contrived and meritless reasons for refusing and neglecting to properly process a myriad of Plaintiff's claims for payment: (i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided.

39.    Because of Defendant's multiple breaches of the contract, Plaintiff has been deprived of millions of dollars to which it is entitled. Defendant has either not made any payments

whatsoever to Plaintiff on certain contract(s) or has underpaid several claims submitted by Plaintiff, leaving a current balance due and owing in the amount totaling at least $1,758,484 for Laboratory Testing Services rendered by Plaintiff to Defendant's insureds, subscribers and/or members listed in Exhibit 1.

40. Defendant's failure to pay Plaintiff as required under the contract(s) (and applicable law) has proximately caused damages to Plaintiff in an amount in excess of $1,758,484.

### C. COUNT 3 – Breach of Third-Party Bad Faith Claims.

41. Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs above.

42. The Contract constitutes a valid and binding agreement between Defendant and its insureds/members/subscribers each listed in Exhibit 1.

43. Plaintiff as an assignee of Contract between Defendant and its insureds/members/subscribers steps into to the shoes of the Defendants' insureds/members/subscribers listed in Exhibit 1.

44. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. Hence, implied in all contracts is a covenant of good faith and fair dealing.

45. Plaintiff, as an injured third party, who is assignee and considered to have stepped into the shoes of the Defendant's insureds/members/subscribers brings this common law bad faith claim directly against the Defendant.

46. Defendant's actions here, including but not limited to, its failure and/or refusal to respond to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons

that were (and remain) entirely groundless, breached this implied covenant of good faith and fair dealing with respect to the contractual obligations that arose regarding the patients listed in the attached Exhibit 1.

47.     Defendant's breach of the implied covenant of good faith and fair dealing with respect to the contractual obligations that arose in regards to the patients listed in the attached Exhibit 1 proximately caused damages to Plaintiff in the amount of at least $1,758,484.

c.     **COUNT 4 – <u>Quantum Meruit / Unjust Enrichment</u>**

48.     Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in paragraphs above.

49.     In performing Laboratory Testing Services for Defendant's insureds, subscribers and/or members listed in Exhibit 1, for which Defendant did not pay, or paid at amounts far below those required by Defendant's own policies and protocols, Plaintiff conferred a benefit upon Defendant's subscribers and/or members by providing a medical service it was entitled to under the Defendant's plan document/insurance policy and, therefore, upon the Defendant.

50.     Defendant also experienced a benefit as it did not have to render or compensate another entity for the Laboratory Testing Services conducted by Plaintiff.  This benefit was evidence by partial compensation tendered in some instances.

51.     Defendant has enriched itself at Plaintiff's expense by failing and refusing to compensate Plaintiff for providing Laboratory Testing Services to Defendant's subscribers and/or members, it is against equity and good conscience to permit Defendant to retain the money it intentionally and wrongfully failed to pay to Plaintiff.

52.     Plaintiff is therefore entitled to recover all funds it is owed for providing Laboratory Testing Services it provided to the patients listed in Exhibit 1.

53.     By reason of the unjust enrichment of Defendant at Plaintiff's expense, Plaintiff

is entitled to judgment against Defendant in the amount in excess of $1,758,484.

### E.  COUNT 5 – Negligence

54.    Plaintiff realleges and incorporates herein, as if fully set forth at length, each of the factual recitations set forth in the paragraphs above.

55.    Defendant is a corporation engaged in business of issuing insurance policies. Defendant has a duty of care and diligence to administer claims as a person of ordinary care and prudence would exercise in the management of their own insurance business.

56.    Under the totality of the circumstances, Defendant has breached the duty of care of handing the claims submitted by the Plaintiff on behalf of Defendant's insureds/members/subscribers.

57.    The Defendant should advise the Plaintiff, as assignee and beneficiary of the contract, and/or the Defendant's insureds/members/subscribers of any settlement opportunities and probable outcome of the claim administration.

58.    The Defendant must investigate the facts, give fair consideration of the claim and settle the claim where a reasonably prudent person faced with damages would settle.

59.    Defendant breached its duty of care through its actions, including but not limited to, its failure and/or refusal to respond to properly submitted claims or, for those claims in which Defendant did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, resulting in negligence in failing to settle claims, investigate and administer claims that arose regarding the patients listed in the attached Exhibit 1.

60.    Defendant has breached its duty of care, resulting in Plaintiff being damaged in the amount in excess of $1,758,484.

**WHEREFORE,** Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics prays for judgment against Defendant and requests the Court to award it the following damages in this case:

(a)   compensatory, direct, or actual damages in the amount of not less than $1,758,484;

(b)   the sum of all the claims for past benefits wrongfully withheld from Plaintiff by Defendant

(c)   all legal, equitable, consequential, and/or incidental damages as determined by the trier of fact;

(d)   punitive and/or exemplary damages as determined by the trier of fact;

(e)   attorney's fees pursuant to 29 U.S.C. §1132(g);

(f)   attorney's fees, costs of court, and out-of-pocket expenses;

(g)   pre-and post-judgment interest at the highest rate(s) allowed by law; and

(h)   all such other and further relief, either at law or in equity, as may be deemed appropriate by the Court.

## JURY DEMAND

Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics hereby demands a jury trial on all issues in this Complaint so triable.

Respectfully submitted,

MCINTYRE TATE LLP

Dated:  November 6, 2024                   _/s/Stephen M. Prignano_____
Stephen M. Prignano, Esq.
50 Park Row West, Suite 109
Providence, Rhode Island 02903
(401) 351-7700
sprignano@mcintyretate.com

BOCHNER PLLC

By:      _/s/ Jeremy M. Doberman_____
Jeremy M. Doberman, Esq. (*pro hac vice* intended)
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
(646) 971-0685
Jeremy@Bochner.law